The opinion of the court was delivered by
Watkins, J.
This is the defendant’s second appeal from a verdict and judgment sentencing him to the extreme penalty of the law for the commission of the crime of murder. 41 An. —.
The grounds on which the reversal of the judgment is demanded, are: first, that certain testimony was improperly admitted; second, that the court below improperly declined to give certain requested *570 special charges to the jury; and third, that his' application for a new trial was illegally refused.
I.
The first bill of exceptions to which our attention is attracted is-that in reference to the testimony of the coroner who was called and interrogated as a witness on the part of the State.
The objections to the coroner’s statement as a witness are: first, that it is irrelevant to the issue; second, “ that its tendency was to prejudice the accused before the jury;” and third, that it tended to establish the perpetration of another and different crime than the one charged against the accused, and which was not necessarily included therein.
To these objections the trial judge replied that “in all cases of ■homicide, even when it is not absolutely necessary to prove the condition of the body of the deceased in order to ascertain and determine the cause of the death, and the instrumentality, means and agencies by which death was accomplished, such testimony is admissible to-show whether or not the killing was by the use of means and agencies prepared in advance, and dangerous to human life. Such testimony is also admissible to show motive, and whether the killing, intentional or unintentional, was done while the accused was engaged in doing some other unlawful or felonious act.” 'He therefore considered the testimony competent, and admitted it over defendant’s, objection and exception.
In thus ruling, we think the judge’s decision was undoubtedly correct. The simple proof of a homicide is insufficient to establish the crime of murder. Some proof must be first affirmatively made, on the part of the State, of the existence of malice in the heart of the perpetrator of the act, in order to put the accused upon his defence.
Ordinarily, when the act is committed deliberately, with a deadly weapon, and is likely to be attended with dangerous consequences, the malice requisite to murder will be presumed. But, as a genei’al rule, it has been held in different States, that the presumption which arises from a killing, unattended with such circumstances of violence, is that of murder in the second degree. And as under our law there are no grades or degrees in the crime of murder, the simple proof of a killing by the accused, unattended by any circumstances of malice, could raise no stronger presumption against him than that of manslaughter. 2 Whar. Orim. Law, Sec. 952.
*571 But there are many circumstances from which malice may be inferred other than the use of a deadly weapon; and Mr. Wharton instances “prior attempts to injure, though in other ways.” 2 Whar. Crim. Law, Sec 954.
The same author says:
“ Since malice can not usually be directly proved, and the evidence of it, therefore, being circumstantial, any facts which go to afford an inference of its existence, are admissible.” 2 Whar. Crim. Law, Sec. 956.
The same author announces the rule to be that:
“Where the scienter or quo animo forms an essential or indispensable part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent t * Notwithstanding they may in law constitute a distinct crime.” Whar. Homicide, Secs. 701, 702.
Bishop puts the principle thus tersely:
“The proof of criminal intent and of guilty knowledge, not generally admitting of other than circumstantial evidence, may often be aided by showing another crime, attempted or perpetrated; and, when it can be, it is permissible.” 1 Bishop’s Orim. Proc. Sec. 1126.
In treating of what is admissible in' proof of res gestee the same author says:
“ Therefore, if two or more offences are committed in one transaction, all the transaction — that is; all the offences — may be given in evidence on the trial for one. And all the res gestee may be shown, though the transaction is a continuing one, or done in parts on different days.” Bishop’s Crim. Proc., See. 1125.
Our predecessors recognized and enforced this precept of criminal law in State vs. Patza, 3 An. 572, the rule being stated thus:
“ The general rule is, as stated by counsel for the accused,- that no evidence can be given of other felonies committed by the prisoner than that charged in the indictment. To this rule, however, there are exceptions, one of which is where it becomes material to show the intent with which the act charged was done. Evidence may be-given of a distinct offence not laid in the indictment.” See also State vs. Thomas, 30 An. 600.
We have maintained the right of the State to offer such evidence *572 as is here objected to in a recent and conspicuous case, State vs. Vines, 34 An. 1081, in which we said:
“ Proof of a different crime from the one charged, though generally objectionable, is admissible when both offences are closely linked or connected, especially in the res gestas, and also when such proof is pertinent and necessary to show intent.” State vs. Mulholland, 16 An. 377; State vs. Rohfrischt, 12 An. 382.
On this summary of authority we can safely rest our conclusion as to the correctness of the ruling complained of by the accused.
II.
The defendant’s counsel requested several special charges which were refused by the trial judge, which we will consider separately.
(а) That no evidence tending to establish the commission of other offences not connected with the charge of murder, and not growing out of such charge, should be considered by the jury in forming their verdict in this case.
To this request the judge responds that it proceeds upon the hypothesis that there was evidence before the jury tending to establish the commission of other offences not connected with the charge of murder; but he says “ there was no evidence before the jury respecting the commission of any offence by the accused, which was not connected with the charge of murder, and which did not tend to show that the killing 'was done while the accused was engaged in the commission of an offence which was a felony.”
On this statement of fact, the requested charge would have been misleading and superfluous if made, and the judge properly refused to give it to the jury.
(б) That should the jury believe from the law and the evidence, that the accused, being of sound mind, caused the death of the deceased in an unlawful manner, though not against the will of the latter; and should the jury also believe that the result of the defendant’s act showed negligence or gross imprudence, but no premeditation, no preconceived design to kill, and therefore no malice on his part, it -would be the duty of the jury to find for manslaughter but not for murder.
The judge declined to give this special charge, on the ground that it was not a correct exposition of the law; insisting, on the contrary, that if the killing was shown to have been done while the accused was *573 engaged in doing an act, which was itself a felony, the absence of proof of premeditation or preconceived design to kill the deceased is insufficient to reduce the crime to manslaughter. He supports that view by reference to his written charge, in which similar ground is taken, viz:
“ If the jury believe from the evidence, and are satisfied that the deceased come to her death from any drug, or potion, or intoxicant furnished by the accused, fox the purpose of depriving her of consciousness, or volition, to enable him, thereby, to have either sexual or unnatural intercourse, and not for the purpose of causing death; yet if, in the perpetration of such unlawful design, death ensue, such act is murder.”
This requested charge is but a supplement to the objection'urged to the admissibility of evidence discuss'ed in paragraph first; for,' if it be permissible on a trial for murder, to show the guilty knowledge and criminal intent by making proof of the commission of another crime, attempted or perpetrated; if more than one offence may be proved to have been committed by the accused when the two transactions constitute parts of the res gestee; if it be an exception to the general rule that where it becomes material to show the intent with which the act charged was done, evidence may be given of a distinct offence,' not laid in the indictment, what becomes of the proposition that other proof of premeditation should be administered, in order to make out a case of murder?
As we understand the proposition argued and determined, it is that such proof' is admissible for the purpose of showing premeditation and malicious intent; or, that if offered and received, the proof of the commission of such contemporaneous crime, forming, as it does, a part of the res gestee, would be accepted as sufficient proof of malice. Certainly, no argument can be required in support of the proposition, that a homicide committed by an accused, while he is actually engaged in the perpetration of a known felony, such as rape' or sodomy, is murder.
(c) That if the jury should believe, from the law and the evidence, that the accused is guilty of felonious homicide, but that at the time of the commission of the offence he was suffering from such mental disease or such delusion that it overpowered his will and rendered him unable to distinguish between right and wrong, as to the act *574 actually committed, or made it impossible for Mm to elect betweeu right or wrong, and that no reason or rational cause or motive for the perpetration of the deed is shown to have existed; and that furthermore, the evidence adduced on the trial shows no ill will, or malevoleance, or evil intent on the part of the accused as against the deceased, the prisoner can not be found guilty of murder.
The judge assigns as reason for refusing to so charge the jury that there was no proof offered with respect to the mental condition of the accused at the time of J or previously to the perpetration of the crime charged. No evidence to that effect is found incorporated in the transcript. None is adverted in the defendant’s bill of exceptions. How, then, was it possible for the jury to have- believed “from the evidence'1 ’ that the accused was suffering from mental disease or delusion sufficient "to have overpowered his will and rendered him unable to distinguish between right and wrong at the time he did the fatal act? Of course they could not, as there was no such evidence adduced. On the contrary, the judge states that the coroner swore that the accused was sane before and after the homicide.
As the assumed insanity of the accused is the gravamen of the charge requested, and there was no such proof adduced, we need not prosecute this inquiry further; for it is an elementary precept of our criminal jurisprudence that a court can not be required to charge the jury in matters of law, upon a point which does not arise in the case, and which is not applicable to the facts in evidence. State vs. Moulton, 34 An. 489; State vs. Thomas, 34 An. 1084; State vs. Riculfi, 35 An. 770; State vs. Garic, 35 An. 970; State vs. Hamilton, 35 An. 1043; State vs. Milton, 37 An. 77; State vs. Ford, 37 An. 443; State vs. Lobuzan, 37 An. 489; State vs. Summers, 38 An. 41; State vs. Perranaux, 39 An. —.
(d) That in circumstantial evidence, every necessary link in the testimony, and every material and necessary fact upon which a conviction depends must be proven beyond a reasonable .doubt, and that, if any of the facts or circumstances established be inconsistent with the hypothesis of guilt, that hypothesis can not be true.
To this request the judge inadvertently assigned no answer; but as counsel in his brief has made no mention of it, we will pass it by with out discussion. We referred to it merely for the purpose of exhausting the grounds assigned in defendant’s bill of exceptions.
*575 hi.
The grounds of the application for a new trial are (1) that the verdict of the jury is contrary to law and evidence; (2) the jury disregarded the evidence submitted to them, and rested their verdict, apparently, on the evidence given on a former trial; (3) that the jury were swayed by the specious theories of the coroner, who was, against defendant’s protest, allowed to testify upon matters extraneous to and not connected with the charge in the indictment.
It is against elementary principles and in-the teeth of a special statute to claim that we can consider, for the purposes of the allowance vel non of a new trial, the evidence adduced before the jury, on the issue of guilt or innocence of the accused. That question has passed beyond the domain of discussion in this court. State vs. Sieley, and cases cited therein.
It has often been held by us, that as this court has appellate jurisdiction on questions of law alone, it will not revise the refusal of the lower court to grant a motion for a new trial, based solely on an alleged deficiency of evidence to make out the case. State vs. Hopkins, 33 An. 34: State vs. Crowley, 33 An. 782; State vs. Young, 34 An. 346; State vs. Disken, 35 An. 46; State vs. Riley, 37 An. 5. State vs. Taylor, 37 An. 40; State vs. Hahn, 38 An. 169; State vs. Smith, 8 An. 301; State vs. Bockorow, 38 An. 316; State vs. Bates, 38 An. 491; State vs. Bud, 38 An. 497; State vs. Broussard, 39 An. 671.
The discretion of the District Judge can not be disturbed on the showing made.
This completes the review of the nunerous points made in this case, and our conclusion is, that the trial was regular in every particular, and no error is apparent from an inspection of the record.
The counsel who was appointed to represent the defendant has represented him with signal ability, and we are very much indebted to him for his exceptionally able and exhaustive brief. •• But on the record, as presented to us; there'is nothing which entitles the accused to relief at our hands.
Judgment affirmed.